**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Greenfield Products, Inc.

    Plaintiff,                                   Case Action No.: 1:08cv38

    v.                                            Judge Michael R. Barrett

Batesville Tool & Die, Inc.,

    Defendant.

## **ORDER**

This matter is before the Court pursuant to Defendant's motion to dismiss for improper venue or to transfer (Doc. 4). Plaintiff filed a memorandum in opposition (Doc. 5) to which Defendant's replied (Doc. 6). This matter is now ripe for review. For the reasons set forth below, Defendant's motion is hereby DENIED, in part, and GRANTED, in part.

    I.    Background

Plaintiff filed its complaint against Defendant on December 14, 2007 in the Court of Common Pleas of Highland County, Ohio (Doc. 2). This matter was removed to this Court by Defendants on January 14, 2008 (Doc. 1).

The facts relevant to this motion are as follows: Plaintiff is an Ohio for-profit corporation with its principle place of business located in Greenfield, Ohio (Doc. 2, ¶1). Defendant is an Indiana for-profit corporation with its principle place of business located in Batesville, Indiana (Id., ¶2). Plaintiff and Defendant entered into an agreement whereby Plaintiff would provide coating services to Defendant for a certain Booster Housing part assembly, made by Defendant for Delphi Corporation (Id., ¶4,5). Defendant submitted a

purchase order to Plaintiff which contained the following language, "Upon acceptance of this order the supplier [Greenfield] agrees to comply with all terms, conditions and requirements as stated in the Batesville Tool & Die, Inc. supplier handbook." (See Doc. 4-2, p3; Doc. 5-2, p1 ¶4). Plaintiff concedes that by its commencement of work it accepted Defendant's terms and conditions as set forth in the supplier handbook. (See Doc. 5, FN3).

The relevant section of the terms and conditions sets forth that "Any actions or proceedings by Seller [Plaintiff] against Buyer [Defendant] may be brought by Seller only in the court(s) having jurisdiction over the location of Buyer from which this contract is issued." (See Doc. 5-3, p5). It is undisputed that this language was drafted by Defendant as it is contained within its very own supplier handbook.

Plaintiff alleges breach of contract, action on account, fraud, and negligent misrepresentation (See Doc. 2).

II.     Legal Analysis

Defendant filed the pending motion to dismiss for improper venue pursuant to Fed. R. Civ. Pro. 12(b)(3) and 12(b)(6). In the alternative, Defendant requests a transfer pursuant to 28 U.S.C. §1404(a),

A. Venue

Defendant moves to dismiss the complaint on the grounds of improper venue. Venue in removed cases is governed solely by 28 U.S.C. §1441(a). *Kerobo v. Southwestern Clean Fuels, Corp.,* 285 F.3d 531, 534 (6th Cir. 2002) *citing Polizzi v. Cowles Magazines, Inc.* 345 U.S. 663, 665 (1953). Here, the action was removed to this district court from the Court of Common Pleas of Highland County, Ohio. This Court is "the district court of the United States for the district and division embracing the place where such

action is pending." See 28 U.S.C. §1441(a). Therefore, this action was removed to the proper venue. *See Kerobo, supra*.

However, Defendant argues that venue is not proper due to the a "contractual choice of forum clause." (See Doc. 4). As set forth above, the relevant language is as follows: "Any actions or proceedings by Seller [Plaintiff] against Buyer [Defendant] may be brought by Seller only in the court(s) having jurisdiction over the location of Buyer from which this contract is issued." (See Doc. 5-3, p5). Based upon this language, Defendant argues that the matter must be dismissed since this Court does not jurisdiction "over the location of Buyer from which this contract is issued." Defendant argues that any disputes must be litigated exclusively in Indiana. (Doc. 4, p5). In the alternative, Defendant argues that this matter must be transferred to the Southern District of Indiana.

Defendant's venue argument has no merit as the only venue into which a state court action may be removed is statutorily dictated by 28 U.S.C. §1441(a). *Kerobo v. Southwestern Clean Fuels, Corp.,* 285 F.3d at 535. The Sixth Circuit in *Kerobo*, a case procedurally similar to the present case, found that a party "may not challenge venue in the district court as of right, according to that district's venue rules, as if the case had originally been brought there." *Id.* Relying on *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988), the Sixth Circuit found that "if venue is proper under the statute, a motion to transfer for improper venue will not lie." *Id.* at 536. However, "a party may nonetheless request a discretionary transfer to a more convenient district court forum under the transfer provision." *Id.* at 535. Thus, the motion to dismiss for improper venue is DENIED.

3

B.   Forum Selection Clause

Plaintiff does not challenge the sufficiency of the forum selection clause, only its interpretation. (Doc. 5, p3).  Plaintiff first argues that Ohio's long arm statute grants Ohio courts jurisdiction over Batesville pursuant to O.R.C. §2307.382(A).  Plaintiff ties §2307.382 to the forum selection clause by arguing that since the forum selection clause states that Plaintiff may bring suit "in the court(s) having jurisdiction over the location of the Buyer" and since Court has "jurisdiction" pursuant to the long arm statute that this Court is a proper forum.  Additionally, Plaintiff argues that this Court has jurisdiction over Batesville's "location" as it is within 100 miles of the courthouse in Cincinnati, citing Fed. R. Civ. P. 4(k)(1)(B).  Plaintiff recognized that Batesville is not a third party or subject to Rule 19 joinder but still argues Fed. R. Civ. P. 4(k)(1)(B) applicability.  However, the Court does not find Plaintiff's Fed. R. Civ. P. 4(k)(1)(B) argument to be persuasive.  Federal Rule 4(k) is limited to effectuating service on a party joined under Rule 14 or 19, neither of which are applicable here.  Finally, Plaintiff argues that the forum selection clause is ambiguous.

The relevant sections of § 2307.382 are as follows:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
(1) Transacting any business in this state; ...
(3) Causing tortious injury by an act or omission in this state;
(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state ... .

Based upon this language, the Court finds that it does have personal jurisdiction over Defendant.  However, the Court must determine if this personal jurisdiction renders the forum selection clause applicable to this judicial district. Furthermore, the Court must

4

determine whether or not the forum selection clause is ambiguous.

A forum selection clause is part of a contract, and the principles of contract interpretation apply, including giving the language its ordinary meaning. *In re Delta America Re Ins. Co.*, 900 F.2d 890, 892-893 (6th Cir. 1990). In interpreting disputed contract provisions, the Court should discern the intent of the parties and resolve ambiguities against the drafter. *Id.* Batesville does not deny that it drafted the language and based upon the record before this Court, it does not appear that the forum selection clause was the subject of any negotiations.

The forum selection clause reads as follows : Any action may be brought... "only in the court(s) having jurisdiction over the location of Buyer from which this contract is issued." "Over the location of Buyer" is where the Buyer is physically located. Contrary to Plaintiff's argument, the Court does not find that this phrase to include a court in Ohio. This Court does not have jurisdiction over a business solely because it is located in Batesville, Indiana. A defendant must meet a provision of the long arm statute for this court to have personal jurisdiction, meaning that the Court would then have jurisdiction over the "buyer" but not "over the location of Buyer". The Court does not find this to be ambiguous. There is no language that ties the forum selection clause to personal jurisdiction.

Furthermore, "over the location of Buyer from which this contract is issued" is not ambiguous. When read in its entirety, the applicable paragraph gives the Court guidance and eliminates any ambiguity. It states:

> This contract is to be construed according to the laws of the country (and state/province, if applicable) from <u>which this contract is issued as shown by the address of Buyer</u>, excluding the provisions of the United Nations

5

> Convention on Contacts for the International Sale of goods and any conflict of law provisions that would require application of another choice of law. Any action or proceedings by Buyer against Seller may be brought by Buyer in any court(s) having jurisdiction over Seller, or at Buyer's option, in the court(s) having jurisdiction over Buyer's location, in which event Seller consents to jurisdiction and service of process in accordance with applicable procedures. Any action or proceedings by Seller against Buyer may be brought by Seller only in the court(s) having jurisdiction over the location of Buyer from which this contract is issued. (Emphasis added).

The first sentence of this paragraph explains the phrase "from which this contract is issued" to mean Batesville, Indiana as the clause continues to define the term by stating "as shown by the address of Buyer." Thus, the Court finds that the forum selection clause refers to Indiana courts only.

      C.    Transfer

The statute that governs transfers is 28 U.S.C. §1404(a) which states, in pertinent part,

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

This statute also controls the issue of whether a forum selection clause should be given effect. *Kerobo*, 385 F.3d 539. The Courts have found that the decision to transfer a civil case is in the sound discretion of the trial court. *Midwest Motor Supply Co. v. Kimball*, 761 F. Supp. 1316, 1381 (S.D. Ohio 1991). The Court must first determine if, in fact, this matter could have been brought in the Southern District of Indiana. *Sky Technology Partners, LLC v. Midwest Research Inst.,* 125 F. Supp.2d 286, 291 (S.D. Ohio 2000). In reviewing the face of the complaint, the Court finds that this matter could have been brought in the Southern District of Indiana. Furthermore, the Plaintiff does not contest this fact.

There are various factors used by courts to determine whether a change of venue is appropriate, including private interests of the litigants and public interests in the administration of justice. *H.K. Enterprises, Inc. v. Royal Int'l Ins. Holdings, Ltd.*, 766 F. Supp. 581, 583 (N.D. Ohio 1991). The private factors include: "(1) 'the relative ease of access to sources of proof'; (2) the 'availability of compulsory process for attendance of unwilling witnesses'; (3) 'the cost for obtaining attendance of willing witnesses'; (4) the possibility of inspecting the premises, if appropriate; and (5) 'all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Id.* at 584 quoting *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947)(decided under the higher *forum non conveniens* standard, superseded by §1404). The public interest factors include: "(1) administrative difficulties of courts with congested dockets which can be caused by cases not being filed at their origin; (2) the burden of jury duty on members of a community with no connection to the litigation; (3) the 'local interest of having localized controversies decided at home'; and (4) the appropriateness of having diversity cases tried in a forum which is familiar with the governing law." *Id.* at 584. Additional factors to be considered when evaluating whether a transfer is appropriate under §1404(a) include "the nature of the suit; the place of the events involved; . . . and the residences of the parties." *Midwest Motor Supply Co., Inc.*, 761 F. Supp. at 1318. The Court should also give considerable weight to the Plaintiff's choice of forum "and the balance of convenience, considering all relevant factors, must be strongly in favor of a transfer before such transfer will be granted. *Artisan Development, Division of Kaiser Eatna v. Mountain States Development Corp.,* 502 F. Supp. 1312, 1314 (S.D. Ohio 1975). However, a forum selection clause in a contract is

7

also one of the factors to consider. *Kerobo,* 285 F.3d at 537. "Such a clause 'should receive neither dispositive consideration ... nor no consideration ... but rather the consideration for which Congress provided in §1404(a).'" *Id.* at 537-538 *citing Ricoh,* 487 U.S. at 31. "Similarly, when considering a forum-selection clause as a factor, a district court does not have the discretion to hold that because the state public policy prohibits the enforcement of clauses requiring an out-of-state venue, the state policy will be categorically upheld and the clause will not be enforced. *Id.* Neither party makes a public policy argument in this matter.

In evaluating the factors set out in *Gilbert*, it is clear that no one factor is determinative; the "central focus of the . . . inquiry is convenience. . . ." *Stewart v. Dow Chemical Co.*, 865 F.2d at 106 (*citing Piper Aircraft Co. v. Reyno*, 454 U.S. at 257. Witness convenience is one of the most important factors in determining whether to grant a motion to change venue under § 1404(a). *Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d 934, 937 (D. Mich. 2001) citing, *Hunt v. Taca Int'l Airlines, S.A.*, 1994 U.S. Dist. LEXIS 8464, No. 93-3723 (E.D. La. June 22, 1994). In weighing the convenience of the witnesses, more important than the raw numbers of witnesses living in a particular jurisdiction is the residence of the key witness or witnesses. *Thomas*, 131 F. Supp. at 937, *citing, SMI-Owen Steel Co., Inc. v. St. Paul Fire & Marine Ins. Co.*, 113 F. Supp. 2d 1101, 1105 (S.D. Tex. 2000). One chief witness's convenience, in fact, may outweigh the convenience of other, less significant witnesses. *Id.* A court may also consider the relative financial status of the parties in considering a motion to transfer. *Northrop Corp.*, 811 F. Supp. at 332, *citing, AMF, Inc. v. Computer Automation*, Inc., 532 F. Supp. 1335, 1343,

1344 (S.D. Ohio 1982).

Defendant argues that the factors favor a transfer as the contract contains a forum selection clause and states that Indiana law governs.  Defendant further argues that none of the other factors outweigh the forum selection clause as they do not weigh more heavily to one jurisdiction over the other.

Plaintiff argues mainly that Batesville is closer to the Cincinnati Courthouse of the Southern District of Ohio than it is to the Indianapolis Courthouse of the Southern District of Indiana thus making the Southern District of Ohio more convenient for the parties, attorneys, witness and production of documents. (See. Doc. 5, p6).  Additionally, Plaintiff argues that non-party witnesses conducted tests in Cincinnati and that Delphi's employees are located in Dayton, Ohio.  Finally, Plaintiff argues that Indianapolis has no connection or ties to this lawsuit, whereas Cincinnati does.

The parties in this case are located in Batesville, Indiana and Greenfield, Ohio and the relevant events occurred in both locations.  Furthermore, the sources of proof would be located in both locations.  It would be just as convenient for the Defendant to try a case in the Southern District of Indiana as it would the Southern District of Ohio.  The difference in mileage between Batesville and Cincinnati compared to that of Batesville and Indianapolis is less than twenty miles.  It would, however, be more convenient for the Plaintiff to try its case in Cincinnati as the distance between Greenfield and Cincinnati compared to that of Indianapolis is substantial, a difference of approximately 100 miles.  Thus, the Court finds that the access to sources of proof, the cost for obtaining attendance of willing witnesses, and the other practical problems that make trial of a case easy, expeditious and inexpensive are factors that lean only slightly to Ohio since Ohio is more

convenient for Plaintiff and either jurisdiction would be convenient for Defendant. However, since the Southern District of Ohio is adjacent to the Southern District of Indiana, the proximity of the two jurisdictions balance out the factors to more of a wash.

The Court finds the following factors to be either inapplicable or of equal weight to either jurisdiction: administrative difficulties of courts with congested dockets which can be caused by cases not being filed at their origin; the burden of jury duty on members of a community with no connection to the litigation; and the local interest of having localized controversies decided at home. No evidence was presented regarding the dockets of either jurisdictions. Both jury pools would have a connection to the litigation as the jury pool is comprised of potential jurors from all areas that are served by the judicial district, including Batesville in the Indiana Court and Greenfield in the Ohio Court. The same is true as to having an interest in a local controversy.

The availability of compulsory process for attendance of unwilling witnesses, however, does favor Ohio. If the Delphi employees are unwilling witnesses and must be served via subpoena to appear at trial, Indianapolis is more than 100 miles from Dayton, Ohio. See Fed. Civ. Pro. R. 45(b)(2)(B). However, neither party argues that the Delphi employees would be key witnesses that would justify their convenience over the convenience of the Defendant. In contrast, the appropriateness of having diversity cases tried in a forum which is familiar with the governing law favors a transfer to Indiana as the parties contractually agreed that Indiana law governs. Plaintiff does not contest this issue.

This Court acknowledges Plaintiff's choice of forum but taking all factors into consideration, especially the governing law, the forum selection clause and the close proximity of the two judicial districts, the Court finds that a transfer to the Southern District

of Indiana is appropriate.  Thus, the motion to transfer is GRANTED

III. Conclusion

Thus, Defendant's motion is hereby DENIED, in part, and GRANTED, in part. (Doc. 4).  The Clerk of Courts is directed to TRANSFER this matter to the Southern District of Indiana.

**IT IS SO ORDERED**.

                                            /s/Michael R. Barrett
                                            Michael R. Barrett, Judge
                                            United States Court